IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMMY RANDLE, | § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION NO. _____ |
| PILOT TRAVEL CENTERS LLC D/B/A PILOT FLYING J | | |
| Defendants. | | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant Pilot Travel Centers LLC d/b/a/ Pilot Flying J, ("Defendant") and files this its Notice of Removal pursuant to 28 U.S.C. §1446(a). In support thereof, Defendant would respectfully show the Court as follows:

**I. STATEMENT OF FACTS**

1. Plaintiff is Tammy Randle ("Plaintiff"), a resident of Harris County, Texas, as alleged in Plaintiff's Original Petition. (*See* Index of State Court Documents ("Index") at Tab 1).

2. Defendant is Pilot Travel Centers LLC d/b/a Pilot Flying J is a Delaware limited liability company.

3. On January 15, 2020, Plaintiff filed a premises liability/negligence action against Defendant in the 80th District Court of Harris County, Texas, Cause No. 2020-02416. (*See* Index at Tab 1).

4.     Defendant was served with Plaintiff's suit on January 29, 2020. (*See* Index at Tab 2). Defendant files this Notice of Removal within the thirty-day time period imposed by 28 U.S.C. §1446(b). Therefore, this Notice is timely filed.

## II.  BASIS FOR REMOVAL

5.     Removal is proper because there is complete diversity of citizenship between the parties.  *See* 28 U.S.C. §1332(a); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (noting that complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side).  Furthermore, the amount in controversy requirement is fulfilled because Plaintiff's alleged damages exceed $75,000.00. *See* 28 U.S.C. §1332(a).

## III.  CITIZENSHIP ANALYSIS

6.     Plaintiff resides in Texas and therefore is a citizen of Texas.  (*See* Index at Tab 1, at ¶ 4); *See Acridge v. Evangelical Lutheran Good Samaritan Society*, 334 F.3d 444, 448 (5th Cir. 2003).

7.     Defendant is a limited liability company organized and existing under the laws of the State of Delaware. (*See Beuchat Affidavit*, ¶ 4).  Importantly, for diversity purposes the citizenship of a limited liability company **is not** determined by its principal place of business or state of formation.  Rather, the citizenship of a limited liability company for diversity jurisdiction purposes is determined by the citizenship of each of its members. *See Harvey*, 542 F.3d at 1080-1081; *Trafigura AG v. Enterprise Products Operating, LLC*, 995 F.Supp.2d 641, 644 (S.D. Tex. 2014) ("Unlike corporations, the citizenship of a limited liability company ("LLC") or a partnership is determined by the citizenship of all its members.").

8. Similar to a limited liability company, the citizenship of a limited partnership is determined by the citizenship of its partners. *See Harvey*, 542 F.3d at 1079. A corporation is a citizen of the state in which it was incorporated and state in which it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen Limited Liability Corporation*, 757 F.3d 481, 483 (5th Cir. 2014). A corporation's principal place of business is where the officers of the company direct, control and coordinate the corporation's activities. *See Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015).

9. When the members or partners of a limited liability company or limited partnership are also entities or associations, each layer must be traced backwards to determine citizenship. *See Deep Marine Tech., Inc. v. Conmaco/Rector, LP*, 515 F.Supp.2d 760, 765 (S.D. Tex. 2007) ("[C]itizenship of an unincorporated association must be traced through each layer of the association, however many there may be.").

A. **PILOT TRAVEL CENTERS LLC**

10. As a limited liability company, Defendant is composed of four members: (a) National Indemnity Company; (b) Pilot Corporation; (c) BDT I-A Plum Corporation; and (d) FJM Investments, LLC. (*See Beuchat Affidavit*, ¶ 4).

11. National Indemnity Company is a citizen of Nebraska. National Indemnity Company was incorporated in Nebraska and its principal place of business is also located in Nebraska. (*See Beuchat Affidavit*, ¶ 5).

12. Pilot Corporation is a citizen of Tennessee. Pilot Corporation was incorporated in Tennessee and its principal place of business is also located in Tennessee. (*See Beuchat Affidavit*, ¶ 6).

13.     BDT I-A Plum Corporation is a citizen of both Illinois and Nebraska. BDT I-A Plum Corporation was incorporated in Illinois. (*See Beuchat Affidavit*, ¶ 7). The principal place of business for BDT I-A Plum Corporation is located in Nebraska. (*See Beuchat Affidavit*, ¶ 7).

14.     FJM Investments, LLC is a citizen of Utah. FJM Investments, LLC is a Utah limited liability company composed of one member, FJ Management, Inc. (*See Beuchat Affidavit*, ¶ 8). FJ Management Inc. was incorporated in Utah and its principal place of business is also located in Utah. (*See Beuchat Affidavit*, ¶ 8).

15.     Based upon the foregoing, the members of Defendant are citizens of Nebraska, Tennessee, Illinois and Utah. Consequently, Defendant is a citizen of Nebraska, Tennessee, Illinois, and Utah for diversity purposes.

16.     Because Plaintiff is a citizen of Texas, complete diversity of citizenship exists and removal on the grounds of diversity jurisdiction is appropriate. *See* 28 U.S.C. §1332(a). Complete diversity of the parties existed on the date the state court action was filed, and existed at the time this Notice of Removal was filed. (*See Beuchat Affidavit*, ¶ 11).

## IV.   AMOUNT IN CONTROVERSY ANALYSIS

17.     The amount in controversy in this case exceeds $75,000.00, excluding interest and costs. 28 U.S.C. §1332(a). It is facially apparent that Plaintiff's claims exceed the jurisdictional minimum. *See Espinoza v. Allstate Texas Lloyds*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (quoting *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). Plaintiff requests damages for "injuries to her back, neck, and knee," "past and future medical expenses," "past and future pain, suffering and mental anguish," "past and future physical impairment," "past and future physical disfigurement," and "past lost wages and future loss of earning capacity." (*See* Index at Tab 1, at ¶¶ 6, 13). Plaintiff further requests pre-judgment and post-judgment interest, costs of the

court, and "all such other and further relief." (*See* Index at Tab 1, at ¶ 14). "[W]hen a plaintiff alleges a host of potential forms of relief, such a decision indicates that the plaintiff is seeking any possible grounds to maximize her recovery to the cap." *See Morris v. Home Depot U.S.A., Inc.*, 2011 WL 711047, at *4 (N.D. Tex. 2011) (mem. op.) (internal quotations omitted).

18. "In today's world, it does not take much to exceed $75,000.00" *See Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *3 (N.D. Tex. Oct. 28, 2013) (mem. op). The types of injuries claimed by Plaintiff are similar to those in other cases where it was facially apparent that the amount in controversy exceeded $75,000.00. *See Bourne v. Wal-Mart Stores, Inc.*, 582 F. Sup.2d 828, 839 (E.D. Tex. 2008). For example, in *Bourne* the amount in controversy was met when the plaintiff alleged "severe injuries to her arm, hip, side and body generally which have required continuing medical treatment and which are permanent and continuing in nature." *See id.* at 839. Plaintiff's alleged damages are of the same nature as other cases that have exceeded the amount in controversy requirement. *See id.* at 840 (discussing numerous cases where the amount in controversy was met); *see also Morris*, 2011 WL 711047, at *1-*4 (finding that amount in controversy met when plaintiff alleged "severe and permanent injury to her lower back, buttock, hip, and groin" and discussing other cases where the amount in controversy was facially apparent). Plaintiff has alleged a broad array of categories of damages and claims that she "was seriously injured." *See Gutierrez v. Swift Transp. Co., Inc.*, No. EP-10-CV-406-KC, 2011 WL 318294, at *3 (W.D. Tex. Jan. 28, 2011) (mem. op.) ("Not only does Plaintiff cite an extensive list of damages, which have been held to constitute facial apparentness for purposes of establishing the amount in controversy, but Plaintiff also plainly pleads 'severe' damages."). In addition, upon information and belief, Plaintiff claims to have been diagnosed with a torn Achilles and torn ligament in her knee, and has undergone at least one surgery to repair the torn ligament in her knee.

19. Although Plaintiff has stated that her damages do "not exceed $75,000.00," this limitation of damages does not control. (*See* Index at Tab 1, at ¶ 3). Texas Rule of Civil Procedure 47 prevents Plaintiff from alleging a specific amount of damages in her Petition, and the Court is not bound by this claim. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410, 1412-13 (5th Cir. 1995). In contrast, Plaintiff has requested that discovery be conducted under Level 3 of the Texas Rules of Civil Procedure rather than Level 1—the discovery level that governs expedited suits that involve claims for $100,000.00 or less and would limit Plaintiff's recovery to $100,000.00 or less. TEX. R. CIV. P. 169, 190.2; (*See* Index at Tab 1, at ¶ 1). Plaintiff's unwillingness to proceed under this discovery plan belies Plaintiff's belief that her damages exceed $100,000.00 in this case. *See List v. PlazAmericas Mall Tex., LLC*, No. H-18-4810, 2019 WL 480130, at *2-*4 (S.D. Tex. Fed. 7, 2019) (mem. op.) ("Some courts consider the discovery level the plaintiff selected in determining the amount in controversy. Under Texas law, Level 3 discovery is used in complicated cases involving a larger amount in controversy and requiring relatively extensive discovery.").

20. All defendants who have been properly joined and served join in or consent to the removal of this case to federal court. *See* 28 U.S.C. §1446(b)(2)(A).

21. Copies of all pleadings, process, orders, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

22. Venue is proper in this District under 28 U.S.C. §1441(a) because the state court where the suit is pending is located in this District.

23. Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the suit is pending.

### IV.  JURY DEMAND

24. Plaintiff did not demand a jury trial in the state-court suit.

## V.  CONCLUSION

25. Plaintiff and all Defendants are completely diverse and the amount in controversy exceeds the jurisdictional minimum.  For these reasons, Defendant respectfully removes the State Court action to the Southern District of Texas.

Respectfully submitted,

/s/ Michael B. Jones
Michael B. Jones, SBN 24002375, FBN 604825
MJones@CanterburyLaw.Com
Austin H. Moorman, SBN 24102928, FBN 3352480
AMoorman@CanterburyLaw.Com

CANTERBURY, GOOCH, SURRATT, SHAPIRO, STEIN, GASWIRTH & JONES, P.C.

4851 LBJ Freeway, Suite 301
Dallas, Texas   75244
(972) 239-7493
(972) 490-7739 - Fax

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I certify that on the 28th day of February, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the CM/ECF electronic case filing system of the court and/or served the foregoing document by another method authorized by Federal Rule of Civil Procedure 5(b). The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as a service of this document by electronic means.  I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

    Charles T. Devine
    Texas State Bar No. 24101696
    440 Louisiana St. Ste. 1400
    Houston, Texas 77002
    Telephone: 713.322.4878
    Facsimile: 713.587.9086
    Email: cdevine@daspitlaw.com
    e-service@daspitlaw.com
    *Counsel for Plaintiff*

                                      /s/ Michael B. Jones
                                      Michael B. Jones