

| | |
|---|---|
| | **Service of Process Transmittal**<br>01/29/2020<br>CT Log Number 537087206 |
| **TO:** | Kristin Seabrook, General Counsel<br>Pilot Flying J<br>5508 Lonas Dr<br>Knoxville, TN 37909-3221 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Pilot Travel Centers LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TAMMY RANDLE, PLTF. vs. PILOT TRAVEL CENTERS LLC, ETC., DFT. |
| **DOCUMENT(S) SERVED:** | Citation, Petition |
| **COURT/AGENCY:** | 80th Judicial District Court Harris County, TX<br>Case # 202002416 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - On 05/07/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/29/2020 at 15:18 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | CHARLES T. DEVINE<br>DASPIT LAW FIRM<br>440 Louisiana St., Suite 1400<br>Houston, TX 77002<br>713-322-4878 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/30/2020, Expected Purge Date: 02/04/2020<br><br>Image SOP<br><br>Email Notification,  Kristin Seabrook  Kristin.Seabrook@pilottravelcenters.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / AN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| Date: | Wed, Jan 29, 2020 |
| Server Name: | Steele Shepherd |
| Location: | Fort Worth, TX-DAL |

| Entity Served | PILOT TRAVEL CENTERS LLC |
|---|---|
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | 202002416 |
| Jurisdiction | TX-DAL |



| | |
|---|---|
| RECEIPT NUMBER | 0.00 |
| TRACKING NUMBER | 73714077 CIV |

**CAUSE NUMBER** 202002416

| | |
|---|---|
| PLAINTIFF: RANDLE, TAMMY<br>vs.<br>DEFENDANT: PILOT TRAVEL CENTERS LLC (D/B/A PILOT FLYING J) | In The 80th<br>Judicial District Court of<br>Harris County, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

TO: PILOT TRAVEL CENTERS LLC (D/B/A PILOT FLYING J) (DOMESTIC CORPORATION)
    BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
    1999 BRYAN ST SUITE 900    DALLAS    TX    75201 - 3136

Attached is a copy of PLAINTIFFS ORIGINAL PETITION AND FIRST SET OF DISCOVERY.

This instrument was filed on the ___15th___ day of ___January___, 20__20__, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this ___16th___ day of ___January___, 20__20__.

Issued at request of:
DASPIT, JOHN A
440  LOUISIANA, SUITE 1400
HOUSTON, TX  77002
TEL: (713) 588-0383
Bar Number: 24048906

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O.Box 4651, Houston, Texas 77210

Generated by: CARROLL, JOSHUA DEMIAS
50V//11417921

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20_____, at _____ o'clock ___.M., endorsed the date of delivery thereon, and executed it at _____
(STREET ADDRESS)                                                                    (CITY)

in _____ County, Texas on the _____ day of _____, 20_____, at _____ o'clock ___.M.,

by delivering to _____, by delivering to its
(THE DEFENDANT CORPORATION NAMED IN CITATION)

_____, in person, whose name is _____,
(REGISTERED AGENT, PRESIDENT, or VICE-PRESIDENT)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                  (DESCRIPTION OF PETITION, E.G., "PLAINTIFF'S ORIGINAL")

and with accompanying copies of _____.
                                  (ADDITIONAL DOCUMENTS, IF ANY, DELIVERED WITH THIS PETITION)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $_____                  By: _____
                                        (SIGNATURE OF OFFICER)

                                Printed Name: _____

_____  As Deputy for: _____
Affiant Other Than Officer                         (PRINTED NAME & TITLE OF SHERIFF OR CONSTABLE)

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20_____

_____
Notary Public

H.INT.CITC.P                          *73714077*

1/15/2020 9:46 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39968348
By: Courtni Gilbert
Filed: 1/15/2020 9:46 AM

*2020-02416 / Court: 080*

CAUSE NO. _____

| | | |
|---|---|---|
| TAMMY RANDLE | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| v. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| PILOT TRAVEL CENTERS LLC | § | |
| d/b/a PILOT FLYING J | § | |
| *Defendant*. | § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff Tammy Randle complains of Defendant Pilot Travel Centers LLC d/b/a Pilot Flying J (hereinafter, "Pilot Flying J"), and would respectfully show the Court that:

### Discovery Control Plan

1. Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### Jurisdiction and Venue

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief of no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiffs are justly entitled. Plaintiffs further plead that the amount in controversy in this matter does not exceed $75,000.00.

## Parties

4.  Plaintiff Tammy Randle is an individual residing in Harris County, Texas.

5.  Defendant Pilot Flying J is a domestic corporation, organized under the laws of Tennessee, and operating a business for profit in the State of Texas at 1305 Pasadena Fwy., Pasadena, Texas 77506 in Harris County. Defendant Pilot Flying J may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## Facts

6.  This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about May 7, 2019. At that time, Plaintiff was an invitee at Defendant's Flying J Travel Center located at 1305 Pasadena Fwy., Pasadena, Texas 77506. While walking in the store, Plaintiff slipped on a wet mat in the doorway and then slid forward due to the floor being wet. Subsequently, Plaintiff sustained injuries to her back, neck, and knee.

7.  At the time of the incident in question, Plaintiff was an invitee of Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8.  Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

2

9. Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

   a. Failure to maintain the premises, including floor and walkways, in a reasonably safe condition;

   b. Failure to inspect the premises where the dangerous condition existed;

   c. Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

   d. Failure to inform Plaintiff of the dangerous condition existing on the premises; and

   e. Other acts deemed negligent.

10. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11. Defendant was also negligent in that it failed to act as a reasonably prudent premise owner would act in the same or similar situation.

## Damages

12. As a result of these acts or omissions, Plaintiff sustained damages recognizable by law.

13. By virtue of the actions and conduct of Defendant as set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

   a. Past and future medical expenses;

   b. Past and future pain, suffering and mental anguish;

   c. Past and future physical impairment;

   d. Past and future physical disfigurement; and

   e. Past lost wages and future loss of earning capacity.

14. By reason of the above, Plaintiff is entitled to recover damages from Defendant in an amount within the jurisdictional limits of this Court, as well as pre and post-judgment interest.

### Request for Disclosures

16.  Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendant discloses, within fifty days of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

### Other Discovery

17.  Plaintiff refers you to the attached Requests for Admissions, Interrogatories and Request for Production, and notifies you that a response is required within 50 days of service of these requests.

### Rule 193.7 Notice

18.  Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

### Prayer

Plaintiff prays that this citation issues and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which she may be justly entitled.

*[Signature Block on Next Page]*

4

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Charles T. Devine*
Charles T. Devine
Texas Bar No. 24101696
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 322-4878
Facsimile: (713) 587-9086
E-Service: e.service@daspitlaw.com

1/15/2020 9:46:18 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39968348
By: GILBERT, COURTNI N
Filed: 1/15/2020 9:46:18 AM

*2020-02416 / Court: 080*

CAUSE NO. _____

| | | |
|---|---|---|
| TAMMY RANDLE | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| PILOT TRAVEL CENTERS LLC | § | |
| d/b/a PILOT FLYING J | § | |
| Defendant | § | HARRIS COUNTY, TEXAS |

### First Set of Interrogatories, Requests for Production, Requests for Admission, and Requests for Disclosure to Pilot Travel Centers LLC d/b/a Pilot Flying J

*TO:  Pilot Travel Centers LLC d/b/a Pilot Flying J by and through its registered agent CT Corporation, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.*

Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant respond to Plaintiff's interrogatories and produce for inspection and copying the documents and tangible things requested. Defendant shall file written responses to these requests within fifty (50) days after the date of service. Defendant shall provide the requested documents for inspection and copying to the DASPIT LAW FIRM, 440 Louisiana St., Ste. 1400, Houston, Texas 77002.

### Definitions and Instructions

1.  Under the Texas Rules of Civil Procedure, Defendant must amend a prior answer to an interrogatory if it obtains obtain information upon the basis of which:

    (a) It knows that the answer was incorrect when made; or

    (b) It knows that the answer, though correct when made, is no longer true and the circumstances are such that a failure to amend the answer is in substance a knowing concealment.

2.  The terms "document" and "documents" mean all documents and tangible things, in the broadest sense allowed under the Texas Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things,

accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

      3.      You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. Without limiting the term "control," a document within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy from any person or public or private entity having physical possession thereof.

      4.      All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

      5.      Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the last ten years.

      6.      This Document Request requires you to amend or supplement your production of documents.

      7.      In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

      8.      Plaintiff requests that you provide the descriptions specified in Rules for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff requests that you provide such

descriptions within fifteen days after service of your response, or responses, to these documents requests.

9. If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

10. "You," "your," or "yours" shall mean, unless otherwise specified in a particular request, Defendants named in this lawsuit and/or any agent or representative of Defendants named in this lawsuit during all times relevant to this action.

11. The term "and/or," "or," and "and" are used inclusively, not exclusively.

12. The term "identify," or "identity," when used herein in reference to a natural person, means to state (1) his/her full name and the present or last known address of his/her residence, and last known telephone number (with area code prefix); (2) his/her present or last known business affiliation and positions with respect thereto during the relevant time period as herein defined, including a description of his/her duties and responsibilities. If any of the above information is not available, state any other available means of identification.

13. The terms "concerning" or "relating to" as used herein shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

14. The terms "evidencing" as used – herein shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

15. The term "Damages" shall mean all claims for relief alleged by Plaintiff in the latest Complaint.

16. The term "communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

17. All documents responsive to this request shall be produced in their original form. Documents originally in hard copy form shall be produced in that form. Documents or items requested in electronic, optical, or magnetic media form shall be produced in the form requested as kept by you. In the event Plaintiff experiences difficulty in retrieving or translating said electronic, computer or magnetic data, Defendants shall produce all such documentary information contained within said data in hard copy form that does not require translation within five (5) days of receiving objection from Plaintiff without the necessity of court order.

18. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter gender. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

19. "Entity" or "Entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

20. **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

## Plaintiff's First Set of Interrogatories to Defendant Pilot Flying J

1. Provide the identities and addresses for the owners and operators of the property where Plaintiff suffered the injury made the basis of this lawsuit.

2. Please name all eyewitnesses to the events for the date of the injury for which this lawsuit was filed and provide the names, addresses, and telephone numbers if those witnesses are no longer employed by you.

3. If you have not been correctly named or served in or by the Plaintiff's Original Petition, state your correct legal name and the correct manner in which you can be designated as a party defendant and served with process in this action under the allegations set forth in Plaintiff's Original Petition.

4. Explain what happened to cause a foreign substance to get onto the floor on the date of the incident giving rise to this lawsuit.

5. Please describe the maintenance schedule floor located at the entrance of the store.

6. If you may or will contend that Plaintiff's damages were caused in whole or in part by third persons, please provide the name and address of these third persons and state factually how they caused Plaintiff's damages, in whole or in part.

7. If you may or will contend that Plaintiff was contributorily negligent, list all facts (not the thought processes or mental impressions of counsel) that support your defense.

8. Provide a detailed list of any changes you made to the property, appurtenances, or equipment after Plaintiff's incident.

9. If you may or will contend that Plaintiff failed to mitigate damages, list all facts (not the thought processes or mental impressions of counsel) that support your defense.

10. Provide the names and contact information for all employees at the property when Plaintiff's incident occurred.

11. Describe any video footage that depicts Plaintiff's incident or how the substance that Plaintiff slipped and fell in came to be on the ground in that location.

### Plaintiff's First Set of Requests for Production to Defendant Pilot Flying J

1. Copy of video footage of Plaintiff's incident made the basis of this lawsuit.

2. Copy of video footage that shows how the liquid substance in which Plaintiff slipped and fell got onto the ground.

3. Copy of any lease agreement for the subject property where Plaintiff's incident occurred.

4. Safety manual covering the property where Plaintiff's incident occurred.

5. All documents related to any investigation conducted by you related to Plaintiff's injury, which occurred on or about the date provided in the petition.

6. A copy of any and all injury reports prepared in relation to Plaintiff's incident.

7. All safety policies and/or procedures that would have governed the property on the date of the incident.

8. The personnel file of the manager on duty at the time of the incident.

9. Pictures taken in connection with Plaintiff's incident as described in Plaintiff's Petition.

10. All witness statements taken in conjunction with Plaintiff's incident.

11. All documents concerning, referring to, or relating to any insurance and/or indemnity agreement between you and any other potential Defendant.

12. All documents prepared by each expert witness who has been consulted by you and whose opinions have been reviewed by an expert witness who may testify at trial.

13. A current *curriculum vitae* or resume of each person whose opinions or impressions have been reviewed or relied upon by any person who may be called to testify in the trial of this case.

14. A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

15. A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whose opinions or impressions have been reviewed or relied upon by any expert who may be called to testify in the trial

of this case in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

16. All transcripts of deposition or trial testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

17. All transcripts of deposition or trial testimony given in the past five (5) years by each person whose opinions or impressions may have been reviewed or relied upon by any expert who may be called to testify in the trial of this cause in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

18. A current list of works written or published by each person whom you may call as an expert witness in a trial of this case.

19. All documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiffs' latest Petition.

20. All statements, whether written, recorded, transcribed, published or otherwise, and all notes of any such statements, relating to the claims asserted by Plaintiff in his latest Petition.

21. All correspondence between you and any other person concerning the claims asserted by Plaintiff in the latest Petition.

22. Copies of Plaintiff's medical records obtained by the Defendant in this litigation.

23. Copy of insurance policy that covers Plaintiff's injuries in this case. This includes all excess policies.

24. Copy of any surveillance you have conducted on Plaintiff.

25. Copy of surveillance video that recorded Plaintiff.

26. Copy of any exhibit you intend to introduce at trial.

27. Copy of any demonstrative you intend to use at trial.

## Plaintiff's First Requests for Admissions for Defendant Pilot Flying J

1. Admit that on or about May 7, 2019 Plaintiff fell in a substance on your property.

2. Admit that Plaintiff was at your property on May 7, 2019.

3. Admit that one or more of your employees and/or agents witnessed the accident that injured Plaintiff on or about May 7, 2019.

4. Admit that on or about May 7, Plaintiff suffered an injury at your place of business.

5. Admit the substance on the floor in which Plaintiff slipped and fell was a dangerous condition.

6. Admit that regularly scheduled maintenance was not performed in the area that Plaintiff fell.

7. Admit you subsequently cleaned up a substance in which Plaintiff slipped and fell after the incident on May 7, 2019.

8. Admit there is video surveillance in that area.

9. Admit you were negligent in causing Plaintiff's injuries.

10. Admit venue is proper.

11. Admit this is a convenient forum.

12. Admit you are citizen of Texas.

13. Admit the Court has jurisdiction over you.

14. Admit you were formed in Texas.

### Plaintiff's First Requests for Disclosure for Defendant Pilot Flying J

(a) The correct names of the parties to the lawsuit;

(b) The name, address, and telephone number of any potential parties;

(c) The legal theories and, in general, the factual basis of your claims or defenses;

(d) The amount and any method of calculating economic damages;

(e) The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) For any testifying expert

    (1) The expert's name, address, and telephone number;

    (2) The subject matter on which the expert will testify;

    (3) The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4) If the expert is retained by you, employed by you, or otherwise subject to your control:

        (A) All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

        (B) The expert's current resume and bibliography;

(g) Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h) Any discoverable settlement agreements described in Rule 192.3(g);

(i) Any witness statements described in Rule 192.3(h);

(j) All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party;

(I)     The name, address, and telephone number of any person who may be designated as a responsible third party.

                                              Respectfully submitted,

                                              **DASPIT LAW FIRM**

                                              */s/ Charles T. Devine*
                                              Charles T. Devine
                                              Texas State Bar No. 24101696
                                              440 Louisiana St. Ste. 1400
                                              Houston, Texas 77002
                                              Telephone: 713.322.4878
                                              Facsimile: 713.587.9086
                                              Email: cdevine@daspitlaw.com
                                                        e-service@daspitlaw.com

                                              **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing instrument have been served on Defendant along with Plaintiff's Original Petition and Jury Demand.

/s/ Charles T. Devine
**Charles T. Devine**