Case 4:20-cv-00714   Document 9   Filed on 05/28/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAMMY RANDLE, Plaintiff, | § § § § | CIVIL ACTION NO. 4:20-cv-00714 |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| PILOT TRAVEL CENTERS LLC, *d/b/a Pilot Flying J*, Defendants. | § § § § § | |

**OPINION AND ORDER DENYING REMAND**

The motion by Plaintiff Tammy Randle seeking remand is denied. Dkt 6.

1. Background

Defendant Pilot Travel Centers LLC is a Tennessee corporation doing business as Pilot Flying J and operating highway truck stops throughout the United States and Canada. Randle resides in Harris County, Texas. She alleges that she slipped and fell on a wet mat in the doorway of a Pilot Flying J in Pasadena, Texas in May 2019.

Randle filed suit in state court for premises liability and negligence. Her original petition avers that "the amount in controversy in this matter does not exceed $75,000.00." Dkt 3-1 ¶ 3. Elsewhere she alleges that she was "seriously injured" because of the fall. Dkt 3-1 at ¶ 13.

Pilot Travel Centers removed the action based on diversity jurisdiction. Randle seeks remand.

2. Legal Standard

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 USC § 1447(c).

The burden of establishing federal jurisdiction "rests on the party seeking the federal forum." *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001). To meet this burden, the party must "prove that federal jurisdiction existed at the time of removal, or, at the very least, have alleged facts prior to the entry of judgment in this case that establish federal subject-matter jurisdiction. Without the presence of such facts in the record, a federal court does not have jurisdiction over the case." Ibid (citations omitted).

Federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 USC § 1332(a). On motion to remand after removal upon assertion of diversity jurisdiction, courts determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal." *Manguno v Prudential Property and Casualty Insurance Co*, 276 F3d 720, 723 (5th Cir 2002).

The amount alleged in the state court petition typically determines the amount in controversy—so long as it was pleaded in good faith. *Allen v R & H Oil & Gas Co*, 63 F3d 1326, 1335 (5th Cir 1995) (citation omitted). Where the jurisdictional amount is not apparent on the face of the removed petition, "the court may rely on 'summary judgment-type evidence.'" *St Paul Reinsurance Co Ltd v Greenberg*, 134 F3d 1250, 1253 (5th Cir 1998), quoting *Allen*, 63 F3d at 1336.

If on the face of the state court petition or by a preponderance of the evidence a defendant shows that the amount in controversy exceeds $75,000, the plaintiff may obtain remand only by showing with legal certainty that the claims alleged are for less than $75,000. *De Aguilar v Boeing Co*, 47 F3d 1404, 1412 (5th Cir 1995).

3. Analysis

The parties dispute only whether the amount in controversy exceeds the jurisdictional limit. Randle relies on the averment in her original petition stating that the amount in controversy doesn't exceed $75,000. Dkt 6 at 5–6. And, she says, nothing suggests the amount in controversy will exceed this amount. Id at 6.

Pilot Travel Centers responds that no binding stipulation or affidavit supports the pleaded limitation on damages. Dkt 7 at 6. It also points out that Randle seeks damages for injuries to her back, neck, and knee; past and future medical expenses; past and future pain, suffering, and mental anguish; past and future physical impairment and physical disfigurement; and past lost wages and future loss of earning capacity. See Dkt 3-1 at ¶¶ 6, 13. This, Pilot Travel Centers asserts, makes it more likely than not that the damages sought will exceed $75,000. Dkt 7 at 9.

Texas law requires a party to plead a range of relief sought among five predefined damage ranges. See Tex Rule Civ P 47(c). Plaintiffs cannot plead a specific amount of damages beyond one of these ranges. See *Martinez v Liberty Insurance Corporation*, 2019 WL 6894497, *2 (SD Tex). The lowest range is "monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees." Tex Rule Civ P 47(c)(1).

Numerous cases hold that Texas law does not permit a plaintiff to plead that the damages sought will not exceed $75,000. For example, see *Chavez v State Farm Lloyds*, 2016 WL 641634, at *2 (SD Tex) (discussing Tex Rule Civ P 47). Those cases also find such pleading to be a manipulation in bad faith to avoid federal jurisdiction. Ibid (citation omitted). This is so because damages as initially alleged in a Texas state court petition in no way limit a plaintiff from later amending pleadings to seek additional damages. For example, see *Sosa v Central Power & Light*, 909 SW2d 893, 895 (Tex 1995): "Contrary to statements in live pleadings, those contained in superseded pleadings are not conclusive and indisputable judicial admissions."

Randle's pleading contravenes Texas state court rules and does not bind her to recover less than $75,000. As such, it does

not control or limit the amount in controversy. This Court has recently observed that decisions in this district "are quite clear that, to conclusively establish the amount in controversy and avoid removal, plaintiff must file an 'affidavit, stipulation, or other statement limiting her recovery *alongside* her Petition.'" *Nguyen v Liberty Mutual Fire Insurance Co*, 2020 WL 858771, \*2 (SD Tex) (emphasis in original), quoting *Martinez v Kroger Texas LP*, 2019 WL 954963, \*3 (SD Tex).

Randle has thus not shown to a legal certainty that her recovery will be below the jurisdictional amount. *Nguyen*, 2020 WL 858771, at \*2. A cursory review of the original petition also shows that the amount in controversy well exceeds it. Randle claims she was "seriously injured" because of the fall. Dkt 3-1 at ¶ 13. She seeks an array of damages to cover medical expenses, lost earnings, disfigurement and impairment, and pain and suffering. Ibid. A recovery exceeding $75,000 can reasonably be expected if a jury agrees. *Cotton v Kroger Texas LP*, 2019 WL 6878828, \*3 (ED Tex).

4. Conclusion

The Court finds that the amount in controversy exceeds the jurisdictional minimum.

The motion to remand is DENIED.

SO ORDERED.

Signed on May 28, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge